# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| WILLIAM LANHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) |
| | ) 3:19-CV-00781 |
| MUKAM HOTELS, LLC, NISH JOBALIA, BRAD PATEL, and HIREN DAYARAMANI, | ) Judge Richardson ) Magistrate Judge Holmes ) ) |
| | ) JURY DEMAND (12) |
| Defendant. | ) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Mukam Hotels, LLC, Nish Jobalia, Brad Patel, and Hiren Dayaramani ("Defendants"), by and through counsel, respond to the First Amended Complaint filed against them by Plaintiff William Lanham ("Plaintiff") as follows:

1. In response to the allegations contained in Paragraph 1 of the First Amended Complaint, Defendants deny that they violated the Fair Labor Standards Act ("FLSA") or retaliated against Plaintiff. Defendants deny that they are liable to Plaintiff under the FLSA or any other theory of law for any amount sought.

2. The allegations contained in Paragraph 2 of the First Amended Complaint are conclusions of law to which no response is required. Defendants deny that they are liable to Plaintiff under the FLSA or any other theory of law for any amount sought.

3. The allegations contained in Paragraph 3 of the First Amended Complaint are conclusions of law to which no response is required. Defendants deny that they are liable to Plaintiff under the FLSA or any other theory of law for any amount sought.

4. The allegations contained in Paragraph 4 of the First Amended Complaint are conclusions of law to which no response is required. Defendants deny that they are liable to Plaintiff under the FLSA or any other theory of law for any amount sought.

5. In response to the allegations contained in Paragraph 5 of the First Amended Complaint, Defendants admit that subject matter jurisdiction is proper in this Court.

6. In response to the allegations contained in Paragraph 6 of the First Amended Complaint, Defendants admit that venue is proper in this Court.

7. In response to the allegations contained in Paragraph 7 of the First Amended Complaint, Defendant admits that Plaintiff was formerly employed by Defendant Mukam Hotels.

8. Defendants admit that allegations contained in Paragraph 8 of the First Amended Complaint.

9. The allegations contained in Paragraph 9 of the First Amended Complaint are conclusions of law to which no response is required. Defendants deny that they are liable to Plaintiff under the FLSA or any other theory of law for any amount sought.

10. Defendants deny the allegations contained in Paragraph 10 of the First Amended Complaint as stated therein.

11. In response to the allegations contained in Paragraph 11 of the First Amended Complaint, Defendants admit that Defendant Hiren Dayaramani is a manager of the hotel owned and operated by Defendant Mukam Hotels.

12. In response to the allegations contained in Paragraph 12 of the First Amended Complaint, Defendants admit that Defendant Nish Jobalia has an ownership interest in Defendant Mukam Hotels.

13. The allegations contained in Paragraph 13 of the First Amended Complaint are conclusions of law to which no response is required. Defendants deny that they are liable to Plaintiff under the FLSA or any other theory of law for any amount sought.

14. The allegations contained in Paragraph 14 of the First Amended Complaint are conclusions to law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14 as stated therein.

15. Defendants deny the allegations contained in Paragraph 15 of the First Amended Complaint as stated therein.

16. Defendants deny the allegations contained in Paragraph 16 of the First Amended Complaint as stated therein.

17. Defendants deny the allegations contained in Paragraph 17 of the First Amended Complaint as stated therein.

18. Defendants deny the allegations contained in Paragraph 18 of the First Amended Complaint as stated therein.

19. In response to the allegations contained in Paragraph 19 of the First Amended Complaint, Defendants admit that Defendant Hiren Dayaramani was a manager for Defendant Mukam Hotels during the time that Plaintiff was employed by Defendant Mukam Hotels.

20. Defendants deny the allegations contained in Paragraph 20 of the First Amended Complaint and deny any violations of the FLSA.

21. The allegations contained in Paragraph 21 of the First Amended Complaint set forth conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 21 as stated therein.

22. Defendants admit the allegations contained in Paragraph 22 of the First Amended Complaint with respect to Defendant Mukam Hotels only. Defendants deny all remaining allegations in Paragraph 22.

23. The allegations contained in Paragraph 23 of the First Amended Complaint set forth conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23 as stated therein.

24. Defendants admit the allegations contained in Paragraph 24 of the First Amended Complaint.

25. In response the allegations contained in Paragraph 25 of the First Amended Complaint, Defendants admit that Plaintiff began working at the Country Inn and Suites in April 2018.

26. In response to the allegations contained in Paragraph 26 of the First Amended Complaint, Defendants admit that Defendant Hiren Dayaramani was a manager for Defendant Mukam Hotels during the time Plaintiff was employed by Defendant Mukam Hotels. The remaining allegations in Paragraph 26 are denied as stated therein.

27. Defendants deny the allegations contained in Paragraph 27 of the First Amended Complaint.

28. In response to the allegations contained in Paragraph 28 of the First Amended Complaint, Defendants admit that Plaintiff was responsible for general maintenance duties while he was employed by Defendant Mukam Hotels.

29. Defendants are without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 29 of the First Amended Complaint and, thus, demand strict proof thereof.

30. In response to the allegations contained in Paragraph 30 of the First Amended Complaint, Defendants admit that, after an investigation, the Department of Labor determined that Plaintiff was owed underpaid overtime and liquidated damages, and Defendants admit that Defendant Mukam Hotels paid Plaintiff this underpaid overtime and liquidated damages in the total amount of $2,139.84. Any remaining allegations are denied.

31. In the allegations contained in Paragraph 31 of the First Amended Complaint, Defendants admit that Plaintiff's hourly rate was raised to $13 per hour in August 2018.

32. Defendants admit the allegations contained in Paragraph 32 of the First Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the First Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the First Amended Complaint.

35. Defendants are without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 35 of the First Amended Complaint and, thus, demand strict proof thereof.

36. Defendants deny the allegations contained in Paragraph 36 of the First Amended Complaint.

37. Defendants are without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 37 of the First Amended Complaint and, thus, demand strict proof thereof.

38. Defendants deny the allegations contained in Paragraph 38 of the First Amended Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the First Amended Complaint.

40. In response to the allegations contained in Paragraph 40 of the First Amended Complaint, Defendants deny that Plaintiff was ever "surveilled" and deny that Plaintiff was retaliated against in any way.

41. Defendants are without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 41 of the First Amended Complaint and, thus, demand strict proof thereof.

42. In response to the allegations contained in Paragraph 42 of the First Amended Complaint, Defendants admit that Plaintiff was given a written warning for installing a personal padlock on a maintenance shop cabinet door and for arguing and cussing in front of Defendants Hiren Dayaramani and Brad Patel. Any remaining allegations are denied.

43. Defendants deny the allegations contained in Paragraph 43 of the First Amended Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the First Amended Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the First Amended Complaint as stated therein.

46. Defendants deny the allegations contained in Paragraph 46 of the First Amended Complaint.

47. Defendants deny the allegations contained in the first sentence of Paragraph 47 of the First Amended Complaint. In response to the remaining allegations in Paragraph 47,

Defendants state that Plaintiff's resignation letter speaks for itself, and no response is required. Defendants deny that Plaintiff was constructively discharged.

48. Defendants deny the allegations contained in Paragraph 48 of the First Amended Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the First Amended Complaint and deny that Plaintiff was retaliated against.

50. In response to the allegations contained in Paragraph 50 of the First Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 49 of the First Amended Complaint as if fully set forth herein.

51. The allegations contained in Paragraph 51 of the Complaint set forth conclusions of law to which no response is required.

52. In response to the allegations contained in Paragraph 52 of the First Amended Complaint, Defendants admit that Plaintiff was in contact with the Department of Labor, but Defendants deny that Plaintiff was ever retaliated against. Any remaining allegations in Paragraph 52 are denied as stated therein.

53. Defendants deny the allegations contained in Paragraph 53 of the First Amended Complaint.

54. The allegations contained in Paragraph 54 of the First Amended Complaint set forth conclusions of law to which no response is required. Defendants deny that Plaintiff was retaliated against.

55. Defendants deny the allegations contained in Paragraph 55 of the First Amended Complaint as stated therein and specifically deny that Plaintiff was constructively discharged.

56. Defendants deny the allegations contained in Paragraph 56 of the First Amended Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the First Amended Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the First Amended Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the First Amended Complaint as stated therein.

60. In response to the allegations contained in Paragraph 60 of the First Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 59 of the First Amended Complaint as if fully set forth herein.

61. The allegations contained in Paragraph 61 of the First Amended Complaint set forth conclusions of law to which no response is required.

62. Defendants deny the allegations contained in Paragraph 62 of the First Amended Complaint.

63. The remaining allegations set forth a prayer for relief, and Defendants deny that Plaintiff is entitled to the relief requested or any other relief in general.

64. Any allegations not previously admitted, denied, or otherwise explained are hereby denied as if stated in specific reference to each allegation.

## **AFFIRMATIVE DEFENSES**

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate his damages.

3. Defendants reserve the right to assert any other affirmative defense under Federal or Tennessee law should any become applicable during the course of this litigation.

4. Defendants' investigation into this case is ongoing, and Defendants are without sufficient knowledge at this time to assert any counterclaims against Plaintiff and specifically reserves the right to amend this Answer/Response to include any such counterclaim(s) discovered during the course of Defendants' investigation and discovery.

5. Defendants aver that the acts or omissions which are the subject matter of the First Amended Complaint were caused or brought about by a person or persons (including Plaintiff and known or unknown third parties) other than Defendants and over whom they had neither control nor the right to control, or resulted from some independent cause, phenomenon, misuse, or misadventure beyond the control of Defendants and for which they are not liable. Defendants therefore rely on the defenses of a lack of cause in fact, superseding intervening cause, and comparative fault, as discovery makes applicable.

6. Defendants rely on all applicable statutes of limitations and/or repose if proven applicable by investigation and discovery.

7. To the extent Plaintiff seeks recovery of punitive damages from Defendants, Plaintiff's claim for punitive damages cannot be maintained unless Defendants' liability for punitive damages and the appropriate amount of punitive damages are established by clear and convincing evidence. Moreover, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fifth Amendment to the United States Constitution.

8. To the extent Plaintiff seeks recovery of punitive damages from Defendants, Plaintiff's claim for punitive damages against them cannot be maintained, because any award of punitive damages would be by a jury that (1) is not provided standards of sufficient clarity for

determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence and wealth, of Defendants, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Defendants' due process rights guaranteed by the Fifth Amendment to the United States Constitution.

9. Defendants submit that Plaintiff was never retaliated against by Defendants. Any underlying decisions made by Defendants in relation to Plaintiff's employment were made for legitimate reasons.

10. Defendants submit that Plaintiff voluntarily resigned his employment, and Defendants specifically deny that Plaintiff was constructively discharged.

11. Defendants submit that Plaintiff's employment was on an at-will basis.

12. To the extent that investigation and discovery make it applicable, Defendant asserts the after acquired evidence rule.

13. Plaintiff's claims are barred by the equitable defenses of waiver, release, and accord and satisfaction.

14. Defendants acted in good faith and had reasonable grounds for believing they did not violate federal law or regulations.

15. Defendants affirmatively plead that any acts or omissions which may be found to be in violation of the rights afforded by Defendants were not willful but occurred in good faith with reasonable ground for believing that Defendants were in full compliance with the FLSA. As such, the statute of limitations can be no longer than two years under the FLSA, 29 U.S.C. § 255(a).

16. Defendants Nish Jobalia, Brad Patel, and Hiren Dayaramani assert that service of process on each of them was insufficient. The Summons and Complaint were not personally served on them but were left at the front desk of the hotel located at 590 Donelson Pike, Nashville, TN. Defendants did not authorize anyone to accept service of process on their behalf.

17. Defendants demand a jury of twelve persons to try all issues so triable.

WHEREFORE, Defendants deny they are liable to Plaintiff in any amount and request the Court dismiss the Complaint and/or First Amended Complaint with costs assessed against the Plaintiff and any additional relief this Court deems just and equitable under these circumstances.

Respectfully submitted,

LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C.

By: */s/ Brad Craig*
R. Dale Bay, BPR # 10896
Brad W. Craig, BPR # 031082
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: (615) 259-1366   Fax: (615) 259-1389

*Attorneys for Defendants Mukam Hotels, LLC, Nish Jobalia, Brad Patel, and Hiren Dayaramani*

# CERTIFICATE OF SERVICE

      I hereby certify that on this the 2nd day of December, 2019, a copy of the foregoing Answer to First Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

FRANK J. STEINER, ESQ.
FRANK STEINER LAW, P.C.
2200 21ST AVENUE SOUTH, SUITE 309
NASHVILLE, TENNESSEE 37212

                                              */s/ Brad Craig*
                                              Brad W. Craig